IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

THE TRUSTEES OF THE U.A. 614 HEALTH
& WELFARE FUND; THE TRUSTEES OF THE
U.A. PENSION FUND; and THE TRUSTEES OF
THE U.A. 614 IMPROVEMENT TRUST FUND,

    Plaintiffs,

v.                                                       Case No. 2:23-cv-2071-MSN-atc

WOOTEN MECHANICAL, LLC, A TENNESSEE
LIMITED LIABILITY COMPANY, and ANTHONY
WOOTEN, an individual, jointly and severally,

    Defendants.

---

**ORDER GRANTING IN PART MOTION FOR ENTRY OF DEFAULT JUDGMENT
AGAINST DEFENDANT WOOTEN MECHANICAL, LLC, AND DEFENDANT
ANTHONY WOOTEN**

---

    Before the Court is Plaintiffs' Motion for the Entry of Default Judgment. (ECF No. 15.) Filed in support of Plaintiff's Motion is a Brief in Support of Plaintiffs' Motion, (ECF No. 15), an Audit Report dated December 22, 2022 (ECF No. 15-1), and Affidavits from Auditor Kyle Baldani and (ECF No. 15-2 at PageID 273) and Attorney Paul M. Newcomer (ECF No. 18). No Defendant has responded and the time for doing so has expired. On September 11, 2023, the Court held a hearing on Plaintiffs' Motion. No one appeared for Defendant at the hearing. For the reasons set forth below, Plaintiffs' Motion is **GRANTED IN PART**.

## BACKGROUND

    Plaintiffs are "employee fringe benefit funds serving the plumbing and pipefitting industry . . . ." (ECF No. 15 at PageID 229.) On February 10, 2023, they brought this action against

Defendants Wooten Mechanical, LLC, a Tennessee limited liability company ("Wooten Mechanical") and Anthony Wooten ("Mr. Wooten") under Sections 502 and 515 of the Employment Retirement Income Security Act of 1974 ("ERISA") on behalf of themselves, the Funds, and the Funds' participants. (ECF No. 1 at PageID 1.)

According to the Complaint, Wooten Mechanical, an employer in the plumbing and pipefitting industry, is and has been a signatory to a Collective Bargaining Agreement with the U.A. Local Union No. 614. (*Id.* at PageID 2.) As part of that Agreement, "Defendants are obligated . . . to contribute certain set sums to Plaintiffs for every hour worked by its employees and are also required to submit union dues and other contractually mandated contributions to the Plaintiffs." (ECF No. 15 at PageID 230.) Defendants also agreed to be bound by the Funds' Trust Agreements. (ECF No. 1 at PageID 2–3; ECF Nos. 1-2 and 1-3.)

In March 2015, after Wooten Mechanical had failed to make the requisite contributions under the Collective Bargaining Agreement, a Judgment was entered against it in the amount of $245,647.43 ("2015 Judgment"). (ECF No. 1 at PageID 3.) In 2019, Wooten Mechanical entered into a Repayment Agreement that required monthly payments of the outstanding balance of the 2015 Judgment, which by then amounted to $197,508.18. (*Id.*; ECF No. 1-4 at PageID 162.) The Repayment Agreement also required Wooten Mechanical "to make a lump sum payment of $30,000.00 to the Funds and the Union towards satisfaction of the Judgment" and to maintain currency on its future contributions. (*Id.*) Wooten Mechanical made the lump sum payment but failed to make any of the latter monthly payments provided for in the Repayment Agreement. (ECF No. 1 at PageID 3.)

In addition to the amounts owed in relation to the 2015 Judgment, an audit was conducted for the period of March 2014 through December 2018 showing Wooten Mechanical owes

$297,587.83 in unpaid contributions, interest, and liquidated damages. (*Id.* at PageID 3–4.) An audit for January 2019 to the present has not been possible due to Defendants' alleged failure to produce the requisite records. (*Id.* at PageID 4.) But Plaintiffs allege that "Defendants have continued to perform covered work under the [Collective Bargaining Agreement] but failed to remit fringe reports or contributions for the months/years of July, August, September, October, November, and December 2022," which is required under the Collective Bargaining Agreement. (*Id.*)

Based on the foregoing facts, Plaintiffs conclude that Wooten Mechanical "has purposefully avoided paying monies to the Funds." (*Id.*) On February 10, 2023, Plaintiffs filed their Complaint in this Court, alleging one count of Breach of Contract against both Defendants[1] for the alleged breached of the Repayment Agreement and the Collective Bargaining Agreement, one count of Delinquent Reports and Contributions under ERISA against Wooten Mechanical, and one count of Audit Refusal under ERISA against Wooten Mechanical. (*Id.* at PageID 4–8.)

Defendants were served with the Complaint on March 3, 2023. (ECF No. 12.) They failed to answer or otherwise respond within the requisite time frame, however, and the Clerk entered Defaults against them on May 10, 2023. (ECF No. 14.) As mentioned, Plaintiffs now move for default judgment under Fed. R. Civ. P. 55. (ECF No. 15.)

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 55 governs the entry of default judgments. Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead

---

[1] At the September 11 hearing, Plaintiffs' Counsel advised the Court that it was revoking its prior allegation that Mr. Wooten could be liable for a breach of contract claim based on a personal guaranty he made under the Repayment Agreement. (*See* ECF No. 1 at PageID 3.) In light of that discussion, the Court will **DISMISS** Count I of the Complaint as to Mr. Wooten.

3

or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Once the Clerk enters default, the party seeking relief may apply to the Court for default judgment. Fed. R. Civ. P. 55(b)(2). *See also Ramada Franchise Sys., Inc. v. Borada Enters. LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004). The entrance of default on well-pleaded allegations establishes a defendant's liability but rests on the plaintiff the burden of proof as to damages. *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 456 (6th Cir. 2011). *See also* Fed. R. Civ. P. 8(b)(6) (providing that "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). A default judgment may be entered without a hearing unless it is necessary to conduct an accounting, determine the damages amount, establish the truth of allegations, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).[2]

Rule 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, but the case law indicates that the court must exercise "sound judicial discretion" when determining whether to enter the judgment. *State Farm Bank v. Sloan*, No. 11–10385, 2011 WL 2144227, at *2 (E.D. Mich. May 31, 2011); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2685 (3rd ed. 1998).

---

[2] Of course, the Court also "must determine whether it has jurisdiction over the defendant before entering a judgment by default against a party who has not appeared in the case." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 845 (E.D. Mich. 2006). Here, Plaintiff has sufficiently alleged subject matter jurisdiction pursuant to 29 U.S.C. §§ 185(a), 1132, and 1145. (*See* ECF No. 1 at PageID 2.) The Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367. (*Id.*) The Court also has personal jurisdiction over the parties. Plaintiff consented to this Court's jurisdiction over it by filing the action here; Wooten Mechanical is alleged to be a limited liability company organized under the laws of Tennessee with its principal place of business in Tennessee; and Mr. Wooten is alleged to be a citizen and resident of Shelby County, Tennessee. (*Id.* at PageID 1).

4

**DISCUSSION**

I.  **Default Judgment (Liability)**

Given Defendants' failure to answer or otherwise respond to the Complaint, which was served on them March 3, 2023, it is clear they do not intend to defend this action and the Clerk has properly entered a default. Accordingly, Defendants are bound as to the factual allegations in the Complaint. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr. v. U.S. Fidelity and Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)). Having found Defendants so bound, the Court addresses whether Plaintiffs are entitled to default judgment for each count in the Complaint.

   A.  **Count I—Breach of Contract (as to Wooten Mechanical)**

Plaintiffs allege that Wooten Mechanical agreed to make wage and fringe benefit contributions to Plaintiffs under the terms of the Collective Bargaining Agreement for its covered employees. (ECF No. 1 at PageID 3.) Indeed, the Repayment Agreement, which Mr. Wooten signed, affirms that "[Wooten Mechanical, Inc.] admits that it is obligated by the Collective Bargaining Agreement . . . to pay contributions to the Funds and dues to the Union in accordance with its Collective Bargaining Agreement on behalf of all covered employees in a timely manner on a monthly basis." (ECF No. 1-4 at PageID 162.) Section 7.1 of the Trust Agreement specifies that "[e]ach Employer shall make prompt contributions or payments to the Trust Fund in such amount and under the terms" of the Collective Bargaining Agreement. (ECF No. 1-2 at PageID 107.)

Plaintiffs further allege that in signing the Repayment Agreement, Wooten Mechanical again agreed to remain current on its payments and to continue to pay down the outstanding amount

from the 2015 Judgment.  (*Id.* at PageID 4.)  A review of the Repayment Agreement confirms these allegations.  It reads, in relevant part:

> Employer desires to make payments to satisfy the [2015] Judgment . . . . Employer acknowledges that all contributions and dues that will be due as a result of work performed on any upcoming jobs must be paid on a timely basis in accordance with the Collective Bargaining Agreement, i.e., by the 15th of the month following the month in which the work was performed.
>
> . . .
>
> In light of the above, Employer agrees to make a lump sum payment of $30,000.00 to the Funds and the Union towards satisfaction of the [2015] Judgment.
> . . .
>
> In order to satisfy the remaining balance of the [2015] Judgment, Employer shall pay an amount equal to one-half of the normal payment due to the Funds and the Union under the Collective Bargaining Agreement on a monthly basis until the balance is paid in full.

(ECF No. 1-4 at PageID 162–63.)

Plaintiffs allege that Wooten Mechanical has made the lump sum payment provided for in the Repayment Agreement but has otherwise defaulted and failed to cure that default within the time frame provided for in the Repayment Agreement.  (ECF No. 1 at PageID 4–5.)  It also asserts that Defendants have not submitted the fringe benefit reports or contributions for July through December 2022 that the Collective Bargaining Agreement and the Repayment Agreement require.  (*Id.* at PageID 4.)  Taking these allegations as true, the Court finds that Wooten Mechanical is in breach of the Repayment Agreement and the Collective Bargaining Agreement.  Since Wooten Mechanical is obligated to make contributions under a collective bargaining agreement, its failure to abide by the terms of that agreement also violates Section 515 of ERISA, 29 U.S.C. § 1145.

### B.     Count II—ERISA: Delinquent Reports and Contributions (as to Wooten Mechanical)

Plaintiffs allege that, despite being required under 29 U.S.C. § 1145 to maintain sufficient records to determine its fringe benefit contribution amounts, Wooten Mechanical has failed to

provide fringe benefit reports from July to December 2022. (ECF No. 1 at PageID 6.) They also assert that, as shown in the Audit Report, Defendants have been delinquent in making its contributions at various times during the period of March 2014 to December 2018. (*Id.* at PageID 7.) In light of these facts, Plaintiffs claim that Defendants have violated their obligations under the Repayment and Collective Bargaining Agreements and under ERISA (29 U.S.C. § 1145). (*Id.* at PageID 6.)

As discussed within the breach of contract claim, the Court accepts as true that Wooten Mechanical has continually failed to submit its reports and contributions to Plaintiffs. It thus finds Wooten Mechanical is liable for these failures under ERISA and the Repayment and Collective Bargaining Agreements.

### C. Count III—ERISA: Audit Refusal (as to Wooten Mechanical)

According to the Complaint, Wooten Mechanical is obligated under ERISA and the Collective Bargaining Agreement and the Funds' Trust Agreements to make available its records so the Funds can determine whether it is in compliance. (ECF No. 1 at PageID 8.) Plaintiffs do not point to the specific provisions in these Agreements that apply, but Section 7.4 of the Trust Agreements says:

> Each Employer shall promptly furnish to the Trustees or their authorized representative, on demand, the names of all such Employer's Employees, their Social Security numbers, each Employee's earnings records, the number of hours worked by each Employee and all Federal and State payroll tax returns, and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund. The Trustess may, through their respective representative, audit and examine the pertinent employment and payroll records of each Employer . . . at the Employer's place of business, whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund . . . .

(ECF No. 1-2 at PageID 108–09.) The next Section provides for collection costs in the event an audit uncovers delinquency in contributions. (*Id.* at PageID 109.)

7

Plaintiffs allege that Wooten Mechanical has failed to give Plaintiffs access to its records for the period of January 2019 to the present despite its demands for audit compliance. (*Id.*) Taking these facts as true, the Court finds Wooten Mechanical liable for the costs of conducting the audit for the aforementioned time period.

## II.     Damages Under ERISA

As discussed, the Court does not take the allegations in the Complaint related to damages as true, but rather "conduct[s] an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 U.S. Dist. LEXIS 62027, at *5 (E.D. Mich. June 23, 2010). The party seeking default judgment must present evidence of damages. *Mill's Pride, L.P. v. W.D. Miller Enters., LLC*, No. 2:07-cv-990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010). While the Court may conduct an evidentiary hearing to determine damages, it need not do so. *Vesligaj v. Peterson*, 331 F. App'x 351, 354–55 (6th Cir. 2009). The Court may rely on affidavits submitted by the party seeking relief in lieu of a hearing.

Here, Plaintiffs seek default judgment first in the amount of $471,212.51[3] for Wooten Mechanical's unpaid contributions, liquidated damages, attorney's fees and costs, the cost of the audit, and interest. (ECF No. 15 at PageID 234.) In support of this amount, Plaintiffs submit:

1. The Repayment Agreement related to the 2015 Judgment (ECF No. 1-4 at PageID 162–64),

2. A copy of the $30,000 check paid to "UA Local Union No 614 Fringe Benefit Funds" from Wooten Mechanical (ECF No. 1-5 at PageID 165) and a letter indicating the check

---

[3] As explained below, Plaintiffs actually asked for judgment in the amount of $469,826.51. (*See supra* note 5; ECF No. 15 at PageID 234.) But they later changed the amount of attorney's fees they were requesting, which increased that number to $471,212.51.

8

"represents the lump sum payment referred to in the [Re]payment Agreement" (ECF No. 1-5 at PageID 161),

3. The Audit Report covering the period of March 2014 to December 2018 (ECF No. 15-1 at PageID 238–72),

4. An Affidavit of Paul M. Newcomer, Plaintiffs' attorney, concerning their request for attorney's fees and costs, (ECF No. 18), and

5. An Affidavit of Kyle Baldani in regard to their request for the costs of the audit already conducted and the amount owing for the time period covered by the audit, (ECF No. 15-2 at PageID 273–74).

As the Court has awarded default judgment to enforce Section 515 of ERISA, 29 U.S.C. § 1145, these damages, fees, and costs are mandatory under Section 502(g), 29 U.S.C. § 1132.

The total amount in damages Plaintiffs seek cannot yet be determined because Wooten Mechanical has not provided the records required for an audit of the period spanning from January 2019 to the present. Plaintiffs therefore do not know the precise cost of conducting that audit, or what the ultimate amount will be to cover the "amounts found owing under the updated audit, together with any accumulated interest, liquidated damages, additional attorney's fees, court costs, . . . , and other collection costs and other sums as may become due the Funds during the pendency of this action." (ECF No. 15 at PageID 235.)

There is, however, sufficient documentation establishing some amounts that are subject to present judgment and execution and that are not contested. As set forth multiple times in the record, the Repayment Agreement concerned an outstanding balance from the 2015 Judgment in the amount of $197,508.18. (*See, e.g.*, ECF No. 1 at PageID 3.) Wooten Mechanical paid $30,000 of that, meaning the outstanding balance is now $167,508.18. (*Id.*) The Audit Report indicates

that Plaintiffs are owed a total of $297,587.83[4] in unpaid contributions, interest, and liquidated damages for the period of March 2014 to December 2018.  (ECF No. 15-1 at PageID 238.)  Mr. Baldani's affidavit submits that the audit fees for conducting the audit are $3,250.50.  (ECF No. 15-2 at PageID 273.)  Mr. Newcomer attests in his affidavit that the attorney's fees total $2,464.00 based on 11.2 hours of work.  (ECF No. 18 at PageID 277.)  Based on the invoices summarizing this work and the rates charged, which Mr. Newcomer attached to his affidavit, the Court finds this amount reasonable.[5]

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Default Judgment as to liability is **GRANTED**.  It is further **ORDERED** and **ADJUDGED** that:

1) Count I of the Complaint as to Defendant Anthony Wooten is **DISMISSED**;

2) Defendant Wooten Mechanical is in default as to Counts I, II, and III of the Complaint;

3) Plaintiffs have and recover judgment against Defendant Wooten Mechanical in the amount of $471,212.51, consisting of:

---

[4] The Court acknowledges that Mr. Baldani's affidavit says the audit shows Plaintiffs are owed $297,887.83 rather than $297,587.83.  (*See* ECF No. 15-2 at PageID 273.)  Upon closer review of the Audit Report and Plaintiffs' Counsel's representations, the Court finds that the number in the affidavit reflects a typographical error.

[5] Mr. Catenacci—another attorney for Plaintiffs—originally filed an affidavit concerning attorney's fees and costs, (ECF No. 15-2 at PageID 275), that did not include sufficient information about hours, rates, and other data on which the Court could base a finding of reasonableness.  At the hearing, the Court accordingly requested a new affidavit that included that information.  Mr. Newcomer then filed an affidavit that included a slightly higher amount in attorney's fees than the amount included in Mr. Catenacci's affidavit, and he supported the new amount with invoices attached to the affidavit.  Because the Court finds the new amount reasonable, it will adopt it for purposes of its calculations.  Accordingly, the total amount the Court awards in this Order will be slightly higher than that which has appeared in previous filings.

    (i)    $167,508.18 in amounts unpaid under the Repayment Agreement entered into between Plaintiffs and Wooten Mechanical relating to the Consent Judgment entered in case number 14-cv-2542;

    (ii)    $297,587.83 relating to the audit amount asserted by Plaintiffs plus interest;

    (iii)    $3,250.50 relating to the audit fee incurred by Plaintiffs to determine (ii);

    (iv)    $2,464.00 for reasonable attorney's fees for prosecuting this case; and

    (v)    $402.00 for actual costs incurred by Plaintiffs for prosecuting this case;

4) Plaintiffs are awarded execution for collection of the judgment amounts and costs granted herein;

5) Defendants, **within ten (10) days** of the date of this Order, shall submit to an updated audit of its books and records as requested by the auditor; and

6) The Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this order.

**IT IS SO ORDERED**, this 6th day of October 2023.

                                                  *s/ Mark S. Norris*
                                                  MARK S. NORRIS
                                                  UNITED STATES DISTRICT JUDGE